IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAIEE TALBERT,<br><br>    *Petitioner*,<br><br>v.<br><br>MS. DELBALSO, et al.,<br><br>    *Respondents.* | Case No. 2:19-cv-05857-JDW |

## MEMORANDUM

Zaiee Talbert objects to Magistrate Judge Elizabeth T. Hey's Report and Recommendation that I deny Mr. Talbert's petition for a writ of habeas corpus and his motion to stay. I will adopt Judge Hey's R&R because, after review, I conclude that it identifies the issues Mr. Talbert raised in his petition, cites the correct standard of review, and applies that standard to the facts. I address Mr. Talbert's objections below.

**I.      BACKGROUND**

On December 12, 2019, Mr. Talbert filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 state court convictions for first-degree murder and conspiracy. He amended the petition, through counsel, to include nine claims: (A) the trial court erred in admitting a rap video, which was overly prejudicial; (B) the Commonwealth did not prove that Mr. Talbert was one of the shooters based on the jury's determination that he was not guilty of possessing an instrument of crime (PIC); (C) the

verdict was against the weight of the evidence; (D) the evidence was insufficient to support the verdict; (E) ineffective assistance of counsel for neglecting to conduct pretrial investigation by failing to interview material eyewitnesses; (F) ineffective assistance of counsel for failing to object to the prosecutor's closing argument; (G) ineffective assistance of counsel for failing to object to the trial court's confusing instructions on criminal conspiracy and conspirator liability; (H) police misconduct that affected the testimony of three witnesses at trial violated Mr. Talbert's due process rights; and (I) the prosecution violated *Brady* by withholding and failing to divulge information concerning the pattern of police misconduct by detectives active in Mr. Talbert's case.

The Respondents responded to the petition on March 11, 2024. Mr. Talbert filed several motions to extend the deadline to file a reply brief. On January 29, 2025, his counsel moved to withdraw. Judge Hey granted that motion. On March 28, 2025, Mr. Talbert also filed a motion to stay consideration of his petition. Then, on April 4, 2025, Mr. Talbert filed a *pro se* "Traverse," which is effectively a reply brief. Judge Hey issued her R&R on April 25, 2025, recommending that I deny the petition and the motion to stay. Mr. Talbert filed objections on June 16, 2025. Respondents filed a response to the objections on September 5, 2025.[1]

---

[1] Under the Local Rules, the response was due on June 30, 2025. Because Respondents did not file a response, I began work on a decision. When Respondents filed their response, they explained that the assigned counsel had been out on parental leave. I don't hold any lawyer responsible for taking parental leave, but the office in which she works

## II.    LEGAL STANDARD

The federal habeas statute, 28 U.S.C. § 2254, limits a district court's review to whether a state court's adjudication was the product of an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). A federal court must presume that a state court correctly resolved factual issues, but a petitioner can rebut that presumption with clear and convincing evidence. *See Werts v. Vaugh*, 228 F. 3d 178, 196 (3d Cir. 2000).

## III.   DISCUSSION[2]

### A.    Admission Of Rap Lyrics

A federal habeas court cannot determine whether a state court properly admitted evidence under state rules of evidence. *See Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir. 2001). Federal habeas courts can only decide whether the admission of evidence was a due process violation. *See id.* Mr. Talbert challenged the admission of rap lyrics as an evidentiary issue, and Judge Hey properly rejected it. He claims that he raised a due

---

needs to improve its internal procedures to monitor cases for lawyers who are out on leave. In any event, I have considered Respondents' response, which did not alter my analysis.

[2] The R&R sets forth the relevant facts, as the state trial court determined them in recommending affirmance on Mr. Talbert's direct appeal. Although Mr. Talbert challenges those facts, I have no basis to believe they are erroneous. Therefore, I adopt the facts as set forth in the R&R and need not repeat them here.

3

process argument in his Traverse, which Judge Hey didn't consider. But Judge Hey didn't err because Mr. Talbert couldn't amend his claim in a reply brief.

Even if I consider Mr. Talbert's due process claim, though, he would still not be entitled to relief because he did not include a due process claim in his state evidentiary challenge on direct appeal. Because Mr. Talbert has no way to present this claim to state courts, it is unexhausted and procedurally defaulted. *See* 42 Pa. C.S.A. §§ 9544(b) (waiver), 9545(b)(1) (statute of limitations). A federal court may only review procedurally defaulted claims if the petitioner demonstrates cause for the procedural default and actual prejudice that results or if a failure to consider the claim will result in a fundamental miscarriage of justice. *See Wertz v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). Mr. Talbert offers no reason for his failure to present this claim as a due process violation in his direct appeal and has not supplemented his petition with a showing of innocence to excuse the default, so this claim is not available for habeas review. I will therefore overrule Mr. Talbert's objection to the R&R.

### B. Inconsistent Verdicts

Mr. Talbert objects to Judge Hey's rejection of his claim that the Commonwealth failed to prove his guilt beyond a reasonable doubt because the jury acquitted him of possessing an instrument of crime. A "criminal defendant convicted by a jury on one count [cannot] attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count." *United States v. Powell*, 469 U.S. 57, 58 (1984) (citing *Dunn v.*

*United States*, 284 U.S. 390 (1932)) (alteration of original). Although Mr. Talbert objects to Judge Hey's conclusion regarding this claim, his objection is a mere recitation of his original habeas claim. Judge Hey did not err, so I will overrule the objection.

### C.     Weight Of The Evidence

Mr. Talbert objects to Judge Hey's rejection of his claim that the verdict was against the weight of the evidence. "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Mr. Talbert's arguments about inconsistent testimony from Commonwealth witnesses Joseph Johnson, Raheim Aimes, and Curtis Stokes raise arguments about those witnesses' credibility. Although Mr. Talbert objects to Judge Hey's conclusion on this claim, he makes no argument to suggest that I can address the issue. Judge Hey is right that I can't, so I will overrule Mr. Talbert's objection.

### D.     Sufficiency Of The Evidence

Federal courts cannot undertake a *de novo* review of the evidence presented at a state court trial. When reviewing the sufficiency of the evidence in a habeas claim, the standard is deferential to the state court's conclusions. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Va.*, 443 U.S. 307, 318–19 (1979) (citation omitted).

Judge Hey's R&R applies this standard and concludes that the Superior Court's determination that there was sufficient evidence to support the murder convictions was reasonable. Mr. Talbert objects to this determination of reasonableness, but in doing so, questions the credibility of the witness testimony. Like the previous objection, this is not cognizable on habeas review. In his objection to the R&R, Mr. Talbert fails to show that the state courts' resolution of his claim was a result of an unreasonable application of clearly established federal law or an unreasonable determination of the facts. I will therefore overrule Mr. Talbert's sufficiency-of-the-evidence objection.

### E.     Ineffective Assistance Of Counsel

Mr. Talbert objects to several of Judge Hey's determinations of his claims of ineffective assistance of counsel. Under *Strickland*'s two-part inquiry, Mr. Talbert "must show that counsel's performance was deficient" by demonstrating that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

#### 1.     Failure to interview eyewitnesses

As Judge Hey determined, Mr. Talbert's claim that his trial counsel was ineffective for failing to interview eyewitnesses who gave statements on the night of the shooting and witnesses mentioned in Mr. Stokes' police statement is unexhausted and procedurally

defaulted. The PRCA court concluded that it lacked jurisdiction to consider this claim because the petition was untimely and because Mr. Talbert filed it during the pendency of another petition. The petition also violated Pennsylvania's restriction on hybrid representation. Mr. Talbert's failure to raise this claim on PCRA appeal renders it unexhausted and defaulted, as Mr. Talbert has no way of presenting this claim to state courts. *See* 42 Pa. C.S.A. §§ 9544(b) (waiver), 9545(b)(1) (statute of limitations); *see also Werts*, 228 F.3d at 192. Because this claim has defaulted, I will overrule Mr. Talbert's objection.

     Mr. Talbert argues that he made reasonable efforts to comply with state procedural rules, so I should excuse his default. But Mr. Talbert hasn't established cause and prejudice or a fundamental miscarriage of justice. I don't have to decide whether Mr. Talbert has shown cause because he hasn't shown prejudice. To establish prejudice, Mr. Talbert must show that the errors at trial worked to actual and substantially disadvantage, not just a possibility of prejudice. *Bey v. Supt. Green SCI*, 856 F.3d 230, 242 (3d Cir. 2007) (quoting *United States v. Brady*, 456 U.S. 152, 170 (1982)). But two of the individuals that Mr. Talbert says his lawyer should have investigated (Rey Aviles and Victor Ramirez) could only have offered statements that were cumulative of evidence presented at trial, as Judge Hey pointed out in her R&R. Because the jury heard the substance of any evidence they could have offered, there was no prejudice. Similarly, the other individuals (Kim Allen, Larry Trippet, Anthony, and another Larry) are people mentioned in another witness's statement

to the police. Mr. Talbert does not offer any evidence that these individuals would have offered exculpatory evidence; he just speculates that they might have done so. That's not enough to demonstrate prejudice to excuse procedural default.

As for a miscarriage of justice, the Supreme Court requires a petition to show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quotation omitted). This requires the petitioner to supplement his claim with a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citation omitted). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324. Mr. Talbert offers no such evidence. At most, he offers evidence that someone might have undiscovered evidence that might have contributed to his defense. That's not enough to carry the heavy burden that Mr. Talbert bears.

### 2. Failure to object during closing

In Mr. Talbert's PCRA proceedings and his original *pro se* habeas petition, Mr. Talbert challenged the prosecution's statements during closing arguments that (a) witnesses were afraid to testify and (b) compared Mr. Talbert's vehicle to the getaway vehicle. He did not challenge whether his counsel was acting as an effective advocate. Habeas counsel, however, replaced the challenge to the substance of the closing with an ineffective assistance claim that Mr. Talbert never presented to the state courts. Because it never went to the state courts, it is procedurally defaulted and unexhausted.

Mr. Talbert cites *Martinez v. Ryan*, 556 U.S. 1 (2012), to excuse this default. Under that case, a "procedural default will not bar a federal habeas court from hearing a *substantial* claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (emphasis added). There are two problems with that argument, though. First, the exception to default under *Martinez* for claims alleging ineffective assistance of counsel "is limited to situations in which the underlying procedural default claim is one of ineffective assistance of counsel." *Jordan v. Rozum,* Civ. No. 13-2503, 2016 WL 5673913, at * 7 (E.D. Pa. Oct. 3, 2016). That's not the case here; the underlying claim was a due process claim. Second, the underlying claim is not substantial because the prosecutor's statements during closing were fair comments on the evidence presented for all the reasons that Judge Hey explains in her R&R. "[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Werts*, 228 F.3d at 203. Therefore, I will overrule Mr. Talbert's objection.

### 3. Failure to object to jury instructions

In his 2018 PCRA supplement, Mr. Talbert challenged jury instructions regarding the conspiracy charge. The PCRA Court deemed that supplement improper because it was untimely and filed during the pendency of another petition. It also violated Pennsylvania's restriction against hybrid representation. Mr. Talbert then failed to present this challenge

9

on direct appeal during PCRA proceedings, resulting in the procedural default of this claim, as Judge Hey explains in the R&R.

In his habeas petition, Mr. Talbert changes gear and raises the issue as an ineffective assistance claim for which default may be excused. The amended claim, however, is untimely because it was filed nearly 3 years after the habeas petition's limitations period expired. 28 U.S.C. 2244(d)(1)(C). I therefore have no basis to excuse it. In addition, the underlying claim is not one of ineffective assistance, so I can't excuse the default.

### F.   *Brady* Violation For Failure To Disclose Tips

Mr. Talbert did not include in his PCRA Petition his *Brady* argument that the prosecution failed to disclose tips about individuals other than Mr. Talbert. His PCRA counsel tried to raise the claim in a reconsideration motion, but the PCRA court didn't allow it, so the state courts never heard the claim on the merits. It's therefore procedurally defaulted.

There is no basis to excuse the default. Mr. Talbert argues that there was cause for the default because the information was not available until later in the process. But the record belies that fact. Respondents have provided information showing that the District Attorney provided information on January 9, 2014, evidencing production of five tip line

summary sheets with the information at issue.[3] Also, because Mr. Talbert was aware of these other potential suspects, Mr. Talbert cannot demonstrate prejudice.

### G.     *Brady* Violation For Concealing Evidence Of Police Misconduct

Mr. Talbert included a *Brady* claim alleging after-discovered evidence of misconduct by several Philadelphia Police detectives. Judge McDermott and the Superior Court found that this claim did not meet the standards to qualify for a newly-discovered fact or government interference exceptions to the PCRA statute of limitations. As this claim was made after the PCRA statute of limitations and does not qualify for an exception, it is procedurally defaulted.

Mr. Talbert's stay motion seeks an opportunity to exhaust this claim in state court. To warrant a stay in federal proceedings, Mr. Talbert must show good cause for his failure to exhaust his claims, that he has not engaged in intentionally dilatory tactics, and that the unexhausted claims are potentially meritorious. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Mr. Talbert argues that he would not have been convicted but for Mr. Butler's original police statement, which was allegedly given as a result of police coercion. However, Mr. Talbert has failed to show that this claim is meritorious. Mr. Butler did not testify at the trial in which Mr. Talbert was convicted, nor was his statement admitted into evidence. Thus, Mr. Talbert has failed to establish a connection between the allegedly

---

[3] As Judge Hey noted, I can consider this letter, even though it is not in the reproduced record, because it bears on the cause and prejudice analysis. *See Cristin v. Brennan*, 281 F.3d 404, 413 (3d Cir. 2002).

coerced statement and his conviction. In addition, Mr. Talbert offers no evidence or witnesses to testify to the alleged misconduct in this case.

## IV.    CONCLUSION

Mr. Talbert disagrees with his conviction, but he has not shown that Judge Hey erred in her determination that his claims are procedurally defaulted, untimely, and/or lack merit. I will therefore overrule his objections and dismiss his petition. In addition, I conclude that reasonable jurists have no basis to disagree with these conclusions, nor has Mr. Talbert otherwise made a substantial showing of a violation of a constitutional right. I therefore will not issue a Certificate Of Appealability. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

September 12, 2025